IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-34 |
| | ) | |
| RACHEL MOSES, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 7, 2015, for a scheduled pretrial conference and motion hearing on the Government's Motion to Declare Complex and Extended [Doc. 13]. Assistant United States Attorney Anne-Marie Svolto represented the Government. Attorney Jefferson B. Fairchild appeared by telephone on behalf of Defendant Moses. The Court excused [Doc. 14] the Defendant from appearing for this hearing.

The Court observes that the Government has asked [Doc. 19] this Court to declare the case to be complex for speedy trial purposes, although it does not ask that the trial be continued. The Government states that over one hundred defendants were indicted in twenty-eight related cases and that over one-third had not been arrested at the time it filed the motion on

March 31, 2015.[1]  It states that discovery is being disclosed in three phases:  One phase involves a one-half terabyte of information, including five months of intercepted conversations and voluminous financial records.  A second phase consists of patient files and other documents seized in the execution of search warrants, and a third phase involves hundreds of hours of video surveillance footage.[2]  The Government contends that by the time that discovery is fully disclosed under the schedule determined by the Court, defense counsel will have insufficient time to review the discovery and to prepare for trial.  At the hearing, AUSA Svolto requested an additional ninety (90) days to disclose discovery.  The Government represents that one hundred (100) out of three hundred sixty (360) boxes of items seized pursuant to search warrants have been scanned but that it will take another sixty to seventy-five days to complete the scanning and disclose these materials to defense counsel.  The Government has informed the Court that these seized items have to be submitted for scanning in groups of one hundred (100) boxes.

During the hearing, Attorney Fairchild made an oral motion to continue the May 19 trial, the motion deadline, the plea deadline, and all other dates in the case.  Mr. Fairchild stated that he had spoken with his client about the discovery in this case and the need for a trial continuance.  The Defendant agreed that a continuance is in her best interest and understands that she will remain in custody until the new trial date.  The Government did not object to Defendant Moses' request to continue the trial date.   Likewise, Mr. Fairchild did not oppose the Government's request that the case be declared complex.  Both parties agreed on a new trial date of March 1, 2016.

---

[1] In a similar motion filed in two related cases on May 4, 2015, the Government states that ten (10) percent of the defendants in the related cases have yet to be arrested.  See United States v. Karen Drummond, et al, No. 3:15-CR-24, Doc. 28, and United States v. Andrea Osborne, et al, 3:15-CR-40, Doc. 16.

[2] The undersigned ordered [Doc. 10] that initial discovery was due on April 10, 2015.

The Court finds the Defendant's oral motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the instant case involves two Defendants,[3] who are charged [Doc. 3], along with numerous others in related cases, in a conspiracy to distribute oxycodone over two years and three months (Count One). The Defendants are also charged with conspiring to launder the proceeds of the drug conspiracy over the same time period (Count Two). The total number of defendants in the related cases exceeds one hundred. Moreover, discovery in this case is voluminous, involving half a terabyte of information [see Doc. 13-1, Affidavit of Christopher G. English]. Disclosure of discovery is ongoing in phases and will not be completed until mid-August 2015. The Court finds that the review of discovery cannot occur prior to the May 19 trial date. To require counsel to proceed to trial without the opportunity to review all of the discovery would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

Moreover, the Defendant has requested, and the Court has granted, additional time to file pretrial motions. If any motions are filed, the Court will need time to hold a hearing on those motions and time, not to exceed thirty days, to rule on the motions or to prepare a report and recommendation on the issues raised. See 18 U.S.C. § 3161(h)(1)(H). Following the receipt of the Court's report and recommendation, the parties will need time to object and respond to objections. Thereafter, the District Judge will need time to rule on any dispositive motions in light of the report and any objections. See 18 U.S.C. § 3161(h)(1)(H). Once the parties receive a ruling on the pretrial motions, they will need time to prepare for trial in light of those rulings. The Court finds that all of this cannot be accomplished before the May 19 trial date or in less

---

[3] The Court observes that the second defendant in this case remains sealed at this time.

than ten months. Accordingly, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees with the Government this case is complex for purposes of the Speedy Trial Act. This and the related cases involve over one hundred defendants. The Indictment alleges drug trafficking and money laundering schemes that are purported to have occurred over twenty-seven months. The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants in the related cases and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that this case should be designated as "complex" for speedy trial purposes.

The Defendant's oral motion to continue the trial is **GRANTED**, and the trial is reset to **March 1, 2016**. The Government's motion [**Doc. 13**] to declare the case complex for speedy trial purposes is unopposed and is also **GRANTED**. The Court also finds, and the parties agree, that all the time between the May 7, 2015 hearing and the new trial date of March 1, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to additional scheduling in this case, the Government's deadline for completing all discovery is **August 14, 2015**. The deadline for filing pretrial motions is extended to **October 9, 2015**. Responses to motions are due on or before **October 30, 2015**. The deadline for concluding plea negotiations is **February 1, 2016**. This day is also the deadline for the Defendants to provide reciprocal discovery. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **November 10, 2016, at**

4

**1:30 p.m.** The Court instructs the parties that all motions *in limine* must be filed no later than

**February 15, 2016**. Special requests for jury instructions shall be submitted to the District

Court no later than **February 19, 2016**, and shall be supported by citations to authority pursuant

to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion to continue the trial is **GRANTED**;

(2) The Government's Motion to Declare Case Complex and Extended [**Doc. 13**] is **GRANTED**. The Court finds this case to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **March 1, 2016, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the **May 7, 2015** hearing and the new trial date of **March 1, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for disclosing all discovery is **August 14, 2015**;

(6) Pretrial motions are due on or before **October 9, 2015**;

(7) Responses to motions are due on or before **October 30, 2015**;

(8) The parties are to appear before the undersigned for a hearing on all pretrial motions on **November 10, 2015, at 1:30 p.m.**;

(9) The deadline for concluding plea negotiations is **February 1, 2016**. This date is also the deadline for the provision of reciprocal discovery;

(10) Motions *in limine* must be filed no later than **February 15, 2016**; and

(11) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 19, 2016**.

**IT IS SO ORDERED.**

ENTER:

_____s/ C. Clifford Shirley, Jr.____
United States Magistrate Judge